**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; | Civil Case No. 1:21-cv-930-BEH |
| DEFENDERS OF WILDLIFE; and | |
| TURTLE ISLAND RESTORATION NETWORK, | |
| Plaintiffs, | |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE; | |
| GINA RAIMONDO, in her official capacity as Secretary of the United States Department of Commerce | |
| Defendants. | |

**DEFENDANTS' ANSWER**

Defendants, by and through counsel, in response to the like-numbered paragraphs of Plaintiffs' Complaint to the United States District Court for the District of Columbia, hereby respond, state, and aver as follows:

1.      The allegations contained in first sentence of Paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required.   To the extent a response is required, Defendants deny the allegations.   The allegations contained in the second sentence of Paragraph 1 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

1

2.      Defendants admit the allegations contained in the first sentence of Paragraph 2. The allegations in the second sentence of Paragraph 2 are too vague and ambiguous to permit a response and, on that basis, are denied.

3.      Defendants admit the allegations contained in the first sentence of Paragraph 3. The allegations in the first clause of the second sentence of Paragraph 3, "The southeastern shrimp fisheries are the biggest source of fishing-related mortality," are too vague and ambiguous to permit a response and, on that basis, are denied.   Defendants deny the remaining allegations in the second sentence of Paragraph 3.

4.      Defendants admit the allegations contained in the first and second sentences of Paragraph 4.   The allegations contained in the third sentence of Paragraph 4 purport to characterize the contents of the 2019 final rule, 84 Fed. Reg. 70,048 (December 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied.

5.      The allegations contained in the first sentence of Paragraph 5 purport to characterize the contents of the 2019 final rule, 84 Fed. Reg. 70,048 (December 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied.   Defendants deny the allegations contained in the second sentence of Paragraph 5.

6.      The allegations contained in Paragraph 6 purport to characterize the contents of the 2016 proposed rule, 81 Fed. Reg. 91,097 (December 16, 2016), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied.

2

7.      The allegations contained in the first and second sentences of Paragraph 7 purport to characterize the contents of, 84 Fed. Reg. 70,048 (December 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied.   The allegations contained in the third sentence of Paragraph 7 purport to characterize unspecified past environmental analyses, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language, meaning, or context of the unspecified past environmental analyses are denied.

8.      The allegations contained in Paragraph 8 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary.   To the extent a response is required, Defendants deny the allegations.

9.      The allegations contained in Paragraph 9 constitute Plaintiffs' requested relief, to which no answer is necessary.   To the extent an answer is necessary, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

10.      The allegations contained in Paragraph 10 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

11.      The allegations contained in Paragraph 11 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

12.      The allegations contained in Paragraph 12 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

13.      Defendants admit that Plaintiffs provided Defendants a letter on or around January 11, 2021.   The remaining allegations contained in Paragraph 13 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

3

14.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 14, and the allegations are therefore denied.

15.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 15, and the allegations are therefore denied.

16.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 16, and the allegations are therefore denied.

17.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 17, and the allegations are therefore denied.

18.     The allegations contained in Paragraph 18 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.   To the extent a response is required, Defendants deny the allegations.

19.     With regard to the allegations in Paragraph 19, Defendants admit that "Defendant NATIONAL MARINE FISHERIES SERVICE is an agency of the U.S. Department of Commerce[.]"   The remainder of the allegations contained in Paragraph 19 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   To the extent that an answer is necessary, Defendants deny the allegations.

20.     Defendants admit the allegations contained in the first sentence of Paragraph 20. The remainder of the allegations contained in Paragraph 20 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   To the extent that an answer is necessary, Defendants deny the allegations.

21.     The allegations contained in Paragraph 21 purport to characterize the contents of the ESA, which speak for itself and is the best evidence of its contents; any allegations contrary

to its plain language, meaning, and context are denied.

22.     The allegations contained in Paragraph 22 purport to characterize the contents of the ESA, which speak for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

23.     The allegations contained in Paragraph 23 purport to characterize the contents of the ESA, which speak for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

24.     The allegations contained in Paragraph 24 purport to characterize the contents of the ESA, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

25.     The allegations contained in Paragraph 25 purport to characterize the contents of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

26.     The allegations contained in the first sentence of Paragraph 26 purport to characterize the contents of the implementing regulations for the ESA, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.   The allegations contained in the second sentence of Paragraph 26 purport to characterize the contents of a Ninth Circuit Court Opinion, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.   The allegations contained in the third sentence of Paragraph 26 purport to characterize the contents of 51 Fed. Reg. 19,926, 19,949 (June 3, 1986) and U.S.

Fish & Wildlife Serv. & Nat'l Marine Fisheries Serv., *Endangered Species Consultation Handbook*, at xvi (1998), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.   The allegations contained in the fourth sentence of Paragraph 26 purport to characterize the contents of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

27.   The allegations contained in Paragraph 27 purport to characterize the contents of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

28.   The allegations contained in Paragraph 28 purport to characterize the contents of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

29.   The allegations contained in the first sentence of Paragraph 29 purport to characterize the contents of a Ninth Circuit Court Opinion, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.   The allegations contained in the second sentence of Paragraph 29 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

30.   The allegations contained in the first sentence of Paragraph 30 purport to characterize the contents of the NEPA implementing regulations, which speak for themselves

and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.   With regard to the allegations contained in Footnote 1, the allegations contained in the first sentence of Footnote 1 purport to characterize the contents of the NEPA implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied. The remaining allegations in Footnote 1 are legal conclusions to which no answer is required. The allegations contained in the second sentence of Paragraph 30 purport to characterize the contents of a Supreme Court Opinion and the NEPA, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

31.     The allegations contained in Paragraph 31 purport to characterize the contents of the NEPA implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

32.     The allegations contained in Paragraph 32 purport to characterize the contents of the NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

33.     The allegations contained in Paragraph 33 purport to characterize the contents of the NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

34.     The allegations contained in Paragraph 34 purport to characterize the contents of a

Supreme Court Opinion, the NEPA, and its implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

35.     The allegations contained in Paragraph 35 purport to characterize the contents of the NEPA implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

36.     The allegations contained in Paragraph 36 purport to characterize the contents of the NEPA implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

37.     The allegations contained in Paragraph 37 purport to characterize the contents of the NEPA implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

38.     The allegations contained in Paragraph 38 purport to characterize the contents of the NEPA implementing regulations and a D.C. District Court Opinion, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

39.     The allegations contained in Paragraph 39 constitute Plaintiffs' legal conclusions, to which no response is required.

40.     The allegations contained in Paragraph 40 purport to characterize the contents of the APA, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

41.     The allegations contained in Paragraph 41 purport to characterize the contents of

three D.C. District Court Opinions, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

42.    The allegations contained in Paragraph 42 purport to characterize the contents of a D.C. Circuit Court Opinion, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

43.    The allegations contained in Paragraph 43 constitute Plaintiffs' legal conclusions, to which no response is required.

44.    The allegations contained in Paragraph 44 purport to characterize the contents of the APA and a Supreme Court Opinion, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

45.    The allegations contained in Paragraph 45 constitute Plaintiffs' legal conclusions, to which no response is required.

46.     Defendants admit the allegations contained in the first sentence of Paragraph 46. The allegations contained in the second sentence of Paragraph 46 are too vague and ambiguous to permit a response and, on that basis, are denied.

47.    Defendants admit the allegations contained in the Paragraph 47.

48.    Defendants admit the allegations contained in the first and third sentences of Paragraph 48.   The allegations contained in the second sentence of Paragraph 48 are too vague and ambiguous to permit a response and, on that basis, are denied.

49.    Defendants admit the allegations contained in the first sentence of Paragraph 49. The allegations contained in the second and third sentences of Paragraph 49 are too vague and ambiguous to permit a response and, on that basis, are denied.

9

50.     Defendants admit the allegations contained in the first, second, fourth, and fifth sentences of Paragraph 50.   The allegations contained in the third sentence of Paragraph 50 are too vague and ambiguous to permit a response and, on that basis, are denied.

51.     Defendants admit the allegations contained in the first sentence of Paragraph 51. The allegations contained in the second sentence of Paragraph 51 are too vague and ambiguous to permit a response and, on that basis, are denied.

52.     Defendants admit the allegations contained in Paragraph 52.

53.     The allegations contained in Paragraph 53 are too vague and ambiguous to permit a response and, on that basis, are denied.

54.     The allegations contained in Paragraph 54 appear to characterize the contents of the Final Environmental Impact Statement (FEIS), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

55.     With regard to Paragraph 55, the allegations contained in Footnote 3 purport to characterize the contents of the ESA, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the remaining allegations in Paragraph 55.

56.     Defendants admit the allegations contained in Paragraph 56.

57.     The allegations contained in Paragraph 57 are too vague and ambiguous to permit a response and, on that basis, are denied.

58.     Defendants admit the allegations contained in Paragraph 58.

59.     Defendants admit the allegations contained in Paragraph 59.

60.     The allegations contained in Paragraph 60 are too vague and ambiguous to permit a response and, on that basis, are denied.

61.     The allegations contained in Paragraph 61 are too vague and ambiguous to permit a response and, on that basis, are denied.

62.     The allegations contained in Paragraph 62 are too vague and ambiguous to permit a response and, on that basis, are denied.

63.     With regard to the allegation contained in Paragraph 63, Defendants deny that all state waters extend to 9 miles in the Gulf.   Defendants admit the remaining allegations contained in the Paragraph 63.

64.     The allegations contained in Paragraph 64 constitute Plaintiffs' legal conclusions, to which no response is required.

65.     Defendants admit the allegations contained in the first sentence of Paragraph 65. Defendants admit the allegations contained in the second sentence of Paragraph 65, but aver that comprehensive mandatory TED requirements were not implemented until 1993.

66.     Defendants admit the allegations contained in the Paragraph 66.

67.     Defendants admit the allegations contained in the Paragraph 67.

68.     The allegations contained in the first sentence of Paragraph 68 constitute Plaintiffs' legal conclusions, to which no response is required.   Defendants admit the remaining allegations contained in the Paragraph 68.

69.     Defendants admit the allegations contained in the Paragraph 69.

70.     The allegations contained in Paragraph 70 appear to characterize the contents of the Final Environmental Impact Statement (FEIS), which speaks for itself and is the best

11

evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

71.     The allegations contained in Paragraph 71 appear to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

72.     The allegations contained in Paragraph 72 are too vague and ambiguous to permit a response and, on that basis, are denied.

73.     The allegations contained in Paragraph 73 appear to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

74.     The allegations contained in the first sentence of Paragraph 74 purport to characterize the contents of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.   The remaining allegations in Paragraph 74 constitute Plaintiffs' legal conclusions, to which no response is required.

75.     The allegations contained in Paragraph 75 purport to characterize the contents of the referenced sea turtle recovery related documents, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

76.     The allegations contained in Paragraph 76 purport to characterize the contents of the sea turtle conservation regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

77.     The allegations contained in Paragraph 77 constitute Plaintiffs' legal conclusions, to which no response is required.

78.     The allegations contained in Paragraph 78 purport to characterize the contents of the 2014 Shrimp Opinion, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

79.     The allegations contained in Paragraph 79 are too vague and ambiguous to permit a response and, on that basis, are denied.

80.     The allegations contained in Paragraph 80 purport to characterize the contents of the case filings in *Turtle Island Restoration Network v. NMFS*, No. 1:11-cv-01813-ABJ (D.D.C. Oct. 13, 2011), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

81.     The allegations contained in Paragraph 81 purport to characterize the contents of the case filings in *Turtle Island Restoration Network v. NMFS*, No. 1:11-cv-01813-ABJ (D.D.C. Oct. 13, 2011), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

82.     The allegations contained in Paragraph 82 purport to characterize the contents of the 2012 Shrimp Opinion, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

83.     The allegations contained in Paragraph 83 purport characterize the contents of 77 Fed. Reg. 27,411 (May 10, 2012), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

84.     The allegations contained in Paragraph 84 purport to characterize the contents of 78 Fed. Reg. 9,024, 9,025 (Feb. 7, 2013), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

85.     The allegations contained in Paragraph 85 purport to characterize the contents of the case filings in *Oceana, Inc. v. Ross*, No. 1:15-cv-00555-PLF (D.D.C. Apr. 14, 2015), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

86.     The allegations contained in Paragraph 86 purport to characterize the contents of 81 Fed. Reg. 13,772 (Mar. 15, 2016) and Plaintiffs' comment letter, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

87.     The allegations contained in Paragraph 87 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

88.     The allegations contained in Paragraph 88 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

89.     The allegations contained in Paragraph 89 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

90.     The allegations contained in Paragraph 90 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its

contents; any allegations contrary to its plain language, meaning, and context are denied.

91.     The allegations contained in Paragraph 91 appear to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016) and the Draft Environmental Impact Statement (DEIS), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

92.     The allegations contained in Paragraph 92 purport to characterize the contents of the DEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

93.     The allegations contained in Paragraph 93 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

94.     The allegations contained in Paragraph 94 purport to characterize the contents of the DEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

95.     The allegations contained in Paragraph 95 purport to characterize the contents of Plaintiffs' comment letter on the DEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

96.     The allegations contained in Paragraph 96 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

97.     The allegations contained in Paragraph 97 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019) and the DEIS, which speak for themselves and are the best

evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

98.     The allegations contained in Paragraph 98, including the accompanying table, purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019) and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

99.     The allegations contained in Paragraph 99 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

100.    The allegations contained in Paragraph 100 purport characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019) and 86 Fed. Reg. 16,676 (Mar. 31, 2021), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

101.    Defendants deny the allegations contained in Paragraph 101.

102.    The allegations contained in Paragraph 102 purport to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

103.    The allegations contained in Paragraph 103 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019) and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

104.    The allegations contained in Paragraph 104 purport to characterize the contents of

the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

105.     Defendants deny the allegations contained in Paragraph 105.

106.     The allegations contained in Paragraph 106 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

107.     The allegations contained in Paragraph 107 purport to characterize the contents of the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

108.     The allegations contained in Paragraph 108 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

109.     The allegations contained in Paragraph 109 purport to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

110.     The allegations contained in Paragraph 110 are too vague and ambiguous to permit a response and, on that basis, are denied.

111.     The allegations contained in Paragraph 111 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

112.     The allegations contained in Paragraph 112 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its

17

contents; any allegations contrary to its plain language, meaning, and context are denied.

113.    The allegations contained in Paragraph 113 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016) and the DEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

114.    The allegations contained in Paragraph 114 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), 84 Fed. Reg. 70,048 (Dec. 20, 2019), and the DEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

115.    The allegations contained in Paragraph 115 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019) and the DEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

116.    The allegations contained in Paragraph 116 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), 84 Fed. Reg. 70,048 (Dec. 20, 2019), and the DEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

117.    With regard to the allegations contained in Paragraph 117, Defendants admit that no supplemental environmental impact statement was prepared.   The remaining allegations contained in Paragraph 117 are too vague and ambiguous to permit a response and, on that basis, are denied.

118.    The allegations contained in Paragraph 118 purport to characterize the contents of

84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

119.    The allegations contained in Paragraph 119 purport to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

120.    Defendants deny the allegations contained in Paragraph 120.

121.    Defendants deny the allegations contained in the first sentence of Paragraph 121. The allegations contained in the second sentence of Paragraph 121 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), and the DEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.   Defendants deny the allegations contained in the third sentence of Paragraph 121.

122.    The allegations contained in the Paragraph 122 purport to characterize the contents of Babcock *et al*. (2018), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

123.    The allegations contained in the first sentence of Paragraph 123 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

124.    The allegations contained in the first sentence of Paragraph 124 purport to characterize Babcock *et al.* (2018), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

Defendants deny the allegations contained in the second sentence of Paragraph 124.

125.    The allegations contained in Paragraph 125 purport to characterize the contents of the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

126.    The allegations contained in Paragraph 126 purport to characterize the contents of the DEIS and FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

127.    The allegations contained in the first sentence of Paragraph 127 purport to characterize the contents of the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.   The allegations contained in the second sentence of Paragraph 127 are too vague and ambiguous to permit a response and, on that basis, are denied.

128.    The allegations contained in the first and second sentences of Paragraph 128 purport to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations contained in the third sentence of Paragraph 128.

129.    The allegations contained in Paragraph 129 characterize the contents of the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

130.    The allegations contained in Paragraph 130 purport to characterize the contents of the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

131.    The allegations contained in the first sentence of Paragraph 131 purport to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.   The allegations contained in the second sentence of Paragraph 131 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations contained in the third sentence of Paragraph 131.   The allegations contained in the fourth sentence of Paragraph 131 purport to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

132.    Defendants deny the allegations contained in Paragraph 132.

133.    The allegations contained in the first and second sentences of Paragraph 133 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), 84 Fed. Reg. 70,048 (Dec. 20, 2019), the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied. The allegations contained in the third sentence of Paragraph 127 are too vague and ambiguous to permit a response and, on that basis, are denied.   The allegations contained in the fourth sentence of Paragraph 133 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), 84 Fed. Reg. 70,048 (Dec. 20, 2019), the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

134.    The allegations contained in Paragraph 134 purport to characterize the contents of 77 Fed. Reg. at 27,414 and 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

135.    The allegations contained in Paragraph 135 purport to characterize the contents of 84 Fed. Reg. 70,048 (December 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning, language, and context are denied.

136.    Defendants admit the allegations contained in the first sentence of Paragraph 136 that NMFS did not complete formal or informal ESA section 7 consultation before issuing the TED Rule, and aver that NMFS had an applicable consultation for the shrimp fisheries, and prepared an analysis of the anticipated effects during the reinitiation period, which were beneficial relative to the status quo.   Defendants deny the remaining allegations contained in the first sentence of Paragraph 136.   The allegations contained in the second sentence of Paragraph 136 purport to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

137.    The allegations contained in the first sentence of Paragraph 137 are too vague and ambiguous to permit a response and, on that basis, are denied.   Defendants deny the allegations contained in the second sentence of Paragraph 137 and aver that on April 26, 2021, NMFS completed the biological opinion.   The allegations contained in the third sentence of Paragraph 137 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

138.    The allegations contained in the first and second sentences of Paragraph 138 are

too vague and ambiguous to permit a response and, on that basis, are denied.   The allegations contained in the third sentence of Paragraph 138 constitute Plaintiffs' legal conclusions and characterization of their case, to which no answer is necessary.

139.   Defendants hereby incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 138 above.

140.   The allegations contained in Paragraph 140 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

141.   The allegations contained in the first sentence of Paragraph 141 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   The allegations contained in the second sentence of Paragraph 141 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

142.   The allegations contained in Paragraph 142 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

143.   The allegations contained in Paragraph 143 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

144.   The allegations contained in Paragraph 144 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   To the extent a response is required, Defendants deny the allegations.

145.   Defendants hereby incorporate by reference each and every response to the

allegations contained in Paragraphs numbered 1 through 144 above.

146.    The allegations contained in Paragraph 146 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

147.    The allegations contained in Paragraph 147 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

148.    Defendants deny the allegations contained in Paragraph 148.

149.    The allegations contained in Paragraph 149 are too vague and ambiguous to permit a response and, on that basis, are denied.

150.    Defendants deny the allegations contained in Paragraph 150.

151.    Defendants hereby incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 150 above.

152.    The allegations contained in Paragraph 152 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

153.    The allegations contained in Paragraph 153 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

154.    The allegations contained in the first sentence of Paragraph 154 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   Defendants deny the allegations contained in the second sentence of Paragraph 154.

155.    The allegations contained in Paragraph 155 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), which speaks for itself and is the best evidence of its

contents; any allegations contrary to its plain language, meaning, and context are denied.

156.     The allegations contained in Paragraph 156 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), 84 Fed. Reg. 70,048 (Dec. 20, 2019), and the DEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

157.     With regard to the allegations contained in the first sentence of Paragraph 157, Defendants admit that public comments were submitted in response to scoping and the proposed rule.   The remaining allegations contained in the first sentence of Paragraph 157 purport to characterize public comments, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.   The allegations contained in the second sentence of Paragraph 157 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

158.     Defendants deny the allegations contained in the first sentence of Paragraph 158. The allegations contained in the second sentence of Paragraph 158 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   To the extent a response is required, Defendants deny the allegations.

159.     Defendants hereby incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 158 above.

160.     The allegations contained in Paragraph 160 purport to characterize the contents of 40 C.F.R. § 1502.9(c)(1), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

161.     The allegations contained in Paragraph 161 constitute Plaintiffs' legal

conclusions, to which no answer is necessary.

162.    The allegations contained in the first sentence of Paragraph 162 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   The allegations contained in the second sentence of Paragraph 162 purport to characterize the contents of 81 Fed. Reg. 91,097 (Dec. 16, 2016), 84 Fed. Reg. 70,048 (Dec. 20, 2019), the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language, meaning, and context are denied.

163.    The allegations contained in Paragraph 163 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

164.    The allegations contained in Paragraph 164 purport to characterize the contents of 84 Fed. Reg. 70,048 (Dec. 20, 2019), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

165.    The allegations contained in Paragraph 165 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

166.    Defendants admit the allegations contained in Paragraph 166.

167.    The allegations contained in Paragraph 167 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   To the extent a response is required, Defendants deny the allegations.

168.    Defendants hereby incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 167 above.

169.    The allegations contained in Paragraph 169 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

170.    The allegations contained in Paragraph 170 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

171.    Defendants deny the allegations contained in Paragraph 171.

172.    Defendants deny the allegations contained in Paragraph 172.

173.    Defendants deny the allegations contained in Paragraph 173.

174.    Defendants deny the allegations contained in Paragraph 174.

175.    Defendants hereby incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 174 above.

176.    The allegations contained in Paragraph 176 purport to characterize the contents of the 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language, meaning, and context are denied.

177.    The allegations contained in Paragraph 177 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

178.    The allegations contained in Paragraph 178 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

179.    The allegations contained in Paragraph 179 constitute Plaintiffs' legal conclusions, to which no answer is necessary.

180.    With regard to the allegations contained in Paragraph 180, Defendants admit that consultation was not complete before publication of the final rule.   Defendants aver that NMFS had an applicable consultation for the shrimp fisheries, and prepared an analysis of the anticipated effects during the reinitiation period, which were beneficial relative to the status quo. Defendants deny the remaining allegations in Paragraph 180.

27

181.    The allegations contained in Paragraph 181 constitute Plaintiffs' legal conclusions, to which no answer is necessary.   To the extent a response is required, Defendants deny the allegations.

### REQUEST FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Request for Relief, to which no answer is necessary.   To the extent an answer is necessary, Defendants deny that Plaintiffs are entitled to any relief whatsoever.   Defendants aver that on April 20, 2021, NMFS published an advance notice of public rulemaking ("ANPR"), 86 Fed. Reg. 20,475, to solicit comments on the possibility of further modifying the TED-related requirements for skimmer trawl vessels 40 feet and shorter operating in the southeast U.S. shrimp fisheries.

### GENERAL DENIAL

Defendants deny any allegations contained in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified.   To the extent that any allegation contained in Plaintiffs' Complaint remains unanswered, Defendants deny such allegations.

### AFFIRMATIVE DEFENSES

1.    Some or all Plaintiffs lack standing to bring certain claims asserted in the Complaint.

2.    Plaintiffs have failed to state a claim upon which relief can be granted.

3.    The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

4.    The Court may dismiss or stay this action based on recent developments as described in the ANPR, 86 Fed. Reg. 20,475 in deference to the primary jurisdiction of Defendants.

28

Dated: June 11, 2021                    Respectfully submitted,

                                        JEAN E. WILLIAMS,
                                        Acting Assistant Attorney General
                                        U.S. Department of Justice
                                        Environment and Natural Resources Division
                                        SETH M. BARSKY, Section Chief
                                        MEREDITH L. FLAX, Asst. Section Chief

                                        /s/ *Mark Arthur Brown*
                                        MARK ARTHUR BROWN
                                        Senior Trial Attorney
                                        D.C. Bar No. 470050
                                        Wildlife & Marine Resources Section
                                        Ben Franklin Station
                                        P. O. Box 7611
                                        Washington, DC 20044-7611
                                        (202) 305-0204 (tel.)
                                        (202) 305-0275 (fax)

                                        /s/ *Hannah E. O'Keefe*
                                        HANNAH E. O'KEEFE
                                        Trial Attorney
                                        IL Bar No. 6336475
                                        Natural Resources Section
                                        P.O. Box 7611
                                        Washington, DC 20044-7611
                                        (202) 616-3353 (tel.)
                                        (202) 305-0506 (fax)

                                        Attorneys for Defendants

Of Counsel:

Shepherd R Grimes
Attorney-Advisor
Office of the General Counsel
National Oceanic and Atmospheric Administration
U.S. Department of Commerce
263 13th Avenue South
St. Petersburg, FL 33701
Shepherd.Grimes@noaa.gov