UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>Defendants. | Case No. 1:21-cv-930-BAH |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND REQUEST FOR A HEARING**

Plaintiffs Center for Biological Diversity, Defenders of Wildlife, and Turtle Island Restoration Network ("Conservation Groups") respectfully move under Federal Rule of Civil Procedure 56 and Local Civil Rule 7(d) for entry of summary judgment in their favor on Counts 1–5 of the Complaint (ECF No. 1),[1] declaring that Defendants National Marine Fisheries Service and Gina Raimondo, in her official capacity as Secretary of Commerce, (collectively "NMFS") violated the Administrative Procedure Act ("APA") and the National Environmental Policy Act ("NEPA") when issuing a final regulation for turtle excluder device requirements on shrimp trawls in the southeastern U.S. shrimp fisheries ("TED Rule"). The final TED Rule represents an unlawful and arbitrary about-face from the proposed rule, excluding the vast majority of targeted shrimp vessels from TED requirements and drastically reducing sea turtle protections. In issuing the TED Rule, NMFS: 1) arbitrarily fails to explain its decision to omit TED requirements it

---

[1] Conservation Groups are no longer pursuing Count 6 regarding NMFS's failure to complete Section 7 consultation under the Endangered Species Act.

1

previously stated were necessary and fails to provide any rational basis for its final decision to exempt certain vessels from TED requirements, in violation of the APA; 2) issues a final rule that is not a logical outgrowth of the proposed rule, in violation of the APA; and 3) fails to take a hard look at the environmental effects and engage in requisite supplemental environmental analysis of the new action, in violation of NEPA. The TED Rule and accompanying final environmental impact statement therefore are arbitrary and capricious, abuses of discretion, and not in accordance with law. Conservation Groups respectfully request that the Court remand the TED Rule without vacatur and the environmental impact statement to NMFS, and require the agency to issue a new rule within six months that fully complies with the law.

Conservation Groups attach a Memorandum of Points and Authorities in support of this Motion for Summary Judgment, and a Proposed Order. Conservation Groups also respectfully request that the Court schedule a hearing on this motion at its earliest convenience after the conclusion of briefing, pursuant to Local Rule 7(f).

Respectfully submitted this 12th day of November, 2021.

/s/ Grace Bauer
Grace P. Bauer (*pro hac vice*)
Stephen D. Mashuda (DDC Bar. WA0005)
Christopher D. Eaton (*pro hac vice*)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 | Telephone
415-217-2040 | Fax
gbauer@earthjustice.org
smashuda@earthjustice.org
ceaton@earthjustice.org

*Attorneys for Plaintiffs*