# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>Defendants. | Case No. 1:21-cv-930-BAH |

**PLAINTIFFS' SURREPLY TO FEDERAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

For the first time on reply, the National Marine Fisheries Service (NMFS) claims it will need *three and a half years* to comply with a remand order. This protracted timeframe is unreasonable and unsupported by the facts. It typifies the agency's foot-dragging and repeated delays that have caused the ongoing unnecessary deaths of imperiled sea turtles in shrimp trawls; it only underscores the need for this Court to establish an expeditious—and binding—schedule. The Court should reject NMFS's unreasonable attempt at further delay and order a prompt conclusion of rulemaking on remand.

NMFS asks the Court for 30 months to complete the National Environmental Policy Act (NEPA) and Administrative Procedure Act (APA) processes, *plus* an additional 12 months to complete the Endangered Species Act (ESA) consultation process on remand—a full 42 months in total. Fed. Defs.' Reply Mem. 22–24, ECF No. 30. NMFS wrongly asserts that the Court must defer to the agency's request regarding the amount of time it should have to comply with a

remand order. *See id.* at 23. While remand deadlines are not necessary in every case, courts routinely impose such deadlines when they *are* necessary to ensure agencies actually take required action in a timely fashion. *E.g.*, *Alaska Ctr. for Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994); *see also* Pls.' Opp'n & Reply (Pls.' Opp'n) 20–21, ECF No. 28 (citing cases). NMFS's reliance on *Anacostia Riverkeeper, Inc. v. Jackson* is accordingly misplaced because, unlike here, that court explained that there was no evidence of agency delay that might warrant a shorter remand. 713 F. Supp. 2d 50, 53 n.2 (D.D.C. 2010); *see also id.* at 55 (acknowledging that the multi-year remand in that case was "somewhat out of the ordinary," when remands tend to be on the matter of "months" (quoting *Nat. Res. Def. Council v. EPA*, 489 F.3d 1250, 1265 (D.C. Cir. 2007) (Rogers, J, concurring in part and dissenting in part)). A deadline *is* necessary here, based on NMFS's history of recalcitrance and evidence of its unwillingness to act absent a court order. *See* Pls.' Opp'n at 20; *see also* Mem. Supp. Pls.' Mot. Summ. J. 7−9, ECF No. 23-1; Oceana Amicus Br. 10−11, ECF No. 25.

NMFS's factual argument for its lengthy requested timeline is unconvincing. NMFS has not provided evidence that it is unable to issue new TED regulations any sooner than 42—or even 30—months. While its declaration describes the amount of time it took to complete certain tasks for the 2019 rule, a new rulemaking process need not take as long. In fact, the NEPA and APA processes described—which run concurrently—do not even amount to 30 months. *See* Decl. of M. Barnette ¶¶ 8, 9 (noting new NEPA regulations require process to be completed within two years at most (citing 40 C.F.R. § 1501.10(b)(2))), ECF No. 30-2.

Importantly, NMFS would not begin a new rulemaking with a blank slate. NMFS's attorney stated as much to Conservation Groups in a March 31, 2021 email, explaining that "it isn't like the agency would be starting from a clean slate, and much of the analysis needed to

2

support additional action already exists, although it may need to be updated." Email from S. Grimes to C. Eaton at p.1 (Mar. 31, 2021), attached as Ex. 1 to Eaton Decl. submitted herewith; *see also* Barnette Decl. ¶¶ 7, 11 (describing how NMFS already collected significant amounts of information and conducted several analyses for 2019 rulemaking and 2021 biological opinion). Because NMFS would not need to reinvent the wheel in a new rulemaking, it would not require as much time as the 2019 rulemaking.

Moreover, NMFS actually began the new rulemaking process it describes approximately a year ago, a salient detail notably absent from its reply and declaration. NMFS published an advance notice of proposed rulemaking on April 20, 2021, seeking the precise information it now claims it would need to begin gathering following a remand: "input from the public on the feasibility of employing . . . TEDs on smaller length vessels, input on the associated costs of any new TED requirements, and other potential environmental impacts." AR011036. Presumably, NMFS began collecting and analyzing relevant information itself even before that date. Even if NMFS did require 30 months to complete a rulemaking, that clock started running in early 2021.

NMFS also asserts that it will then need an additional 12 months to produce a new biological opinion on its authorization of the southeastern U.S. shrimp fisheries as modified by the new TED rule. Barnette Decl. ¶¶ 11–12. This is a red herring. As with the NEPA and APA processes, the agency's ESA analysis should occur simultaneously with the development of a new rule, not after the fact. *See Pac. Rivers Council v. Thomas*, 30 F.3d 1050, 1056–57 (9th Cir. 1994) ("Only after the [agency] complies with [the consultation requirement] can any activity that may affect the protected [species] go forward.").

Because the current rule fails to comply with the law, more than a thousand sea turtles are unnecessarily killed in shrimp nets each year. NMFS's protracted timeline for issuing lawful and

3

necessary regulations based on little more than its say-so would impermissibly extend the time these imperiled species are subject to continued significant harm. Prompt action is compelled by the ESA's objective "to halt and reverse the trend toward species extinction, whatever the cost." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 184 (1978).

For the foregoing reasons, the Court should reject NMFS's effort to avoid a meaningful deadline to issue necessary, legally compliant TED regulations and grant Plaintiffs' requested order for a rulemaking schedule.

Respectfully submitted this 8th day of March, 2022.

*/s/ Grace P. Bauer*
Grace P. Bauer (*pro hac vice*)
Stephen D. Mashuda (DDC Bar. WA0005)
Christopher D. Eaton (*pro hac vice*)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 | Telephone
415-217-2040 | Fax
gbauer@earthjustice.org
smashuda@earthjustice.org
ceaton@earthjustice.org

*Attorneys for Plaintiffs*